Hillsborough, ⎰
June 7, 1904. ⎱

## KNOWLTON *v*. NEW BOSTON.

A town may lawfully appropriate money to pay for the services of a watchman.

PETITION, for an abatement of taxes. Facts agreed. Transferred from the January term, 1904, of the superior court by *Wallace*, C. J.

At a legal town-meeting held in March, 1901, and under a proper article in the warrant, the defendant town voted to raise the sum of $150 " to help pay a watchmen for the village." The plaintiff was present at the meeting and protested against this action. The money thus raised was included in the assessment for that year. The plaintiff was a resident in the town and paid the taxes assessed against him under protest.

*Plaintiff*, pro se.

*Taggart, Tuttle, Burroughs & Wyman*, for the defendants.

WALKER, J. At the regular town-meeting in March, 1901, and in literal pursuance of the warrant, the town voted "to raise and appropriate the sum of $150 to help pay a watchman for the village." The plaintiff claims that this vote was void, and that no authority existed for including in the assessment any amount for that purpose. The question is simply one of corporate power to raise money to pay for the services of a watchman. It is immaterial how the money was in fact expended, or whether a watchman was legally employed. In section 8, chapter 249, Public Statutes, it is provided that " the selectmen, being authorized by vote of the town, may appoint night watchmen." Whether there was any existing authorization of the defendant town for the appointment of watchmen is not disclosed by the case; but however that may be, the action of the town appropriating money for that

purpose presupposes, and must be held to be a sufficient recognition of, authority conferred upon the selectmen to appoint one or more watchmen. If it had not been the sense of the voters that the selectmen should have that power, it is inconceivable why they voted the appropriation. It is not to be presumed that they intended to pass a foolish and entirely impracticable vote. As there is no apparent reason why authority to appoint a watchman may not be included in a vote appropriating money to pay for the services of such an official, and as such an appropriation would be meaningless in the absence of such an authorization, it cannot be doubted that the vote of the town accomplished both objects. It follows that the vote appropriating money to pay for the services of a watchman was legal. The fact that the vote was "to help pay a watchman" is no less valid than if it had been "to pay a watchman." The effect of the vote was that the selectmen were authorized to employ a watchman at an annual expense not exceeding $150. The petition should be dismissed. This result renders it unnecessary to decide whether the petition was seasonably filed. P. S., c. 59, s. 11.

*Case discharged.*

All concurred.